UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,              :
                                       :     22-cr-352 (JSR)
        -v-                            :
                                       :     ORDER
ANTHONY MCGEE,                         :
                                       :
        Defendant.                     :
                                       :
------------------------------------x

JED S. RAKOFF, U.S.D.J.:

The Court has received a *pro se* motion for sentence reduction from defendant Anthony McGee. His motion will be placed on the docket concurrently with this Order. McGee moves to reduce his 60-month sentence to time served under what is colloquially called the "compassionate release" statute, 18 U.S.C. § 3582(c)(1)(A).

The compassionate release statute provides that after certain administrative exhaustion requirements are met, the Court may reduce a defendant's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the 18 U.S.C. § 3553(a) factors weigh in favor of a reduction. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021).

McGee raises three arguments for compassionate release.

*First*, McGee argues that he is the only caregiver for his spouse, who is incapacitated due to a "severe life-threatening infection in her fallopian tube" that led to a miscarriage. Defs. Mot. ¶¶ 10-11. According to McGee's submission, his spouse was

1

scheduled to undergo surgery on June 12, 2024 -- before the Court even received McGee's motion -- and that she has an estimated recovery of four to six weeks. *Id.* at ¶ 10. McGee cites to U.S.S.G. § 1B1.13(b)(3)(C), which specifies that an "extraordinary and compelling" circumstance can include "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." The Court sympathizes with McGee's spouse and her fertility struggles; however, the Court finds that the estimated four-to-six-week recovery for this procedure is not enough to warrant McGee's indefinite release when McGee still has over 190 weeks left to serve in his 60-month sentence. Additionally, McGee fails to provide medical documentation of his spouse's condition and fails to show that he is the only viable, adequate caregiver for his spouse. Accordingly, the Court finds this is not an extraordinary and compelling circumstance warranting the requested relief.

*Second*, McGee argues that he is the only legal caregiver for his mother, who he states has recently been diagnosed with cervical cancer and given a life expectancy of six-to-twelve months. *Id.* ¶¶ 8-9. McGee again cites to U.S.S.G. § 1B1.13(b)(3)(C), which specifies that an "extraordinary and compelling" circumstance can also include "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the

parent." Again, the Court deeply sympathizes with McGee and his family. However, McGee has not shown that he is the only available caregiver for his mother. The pre-sentence report in McGee's case notes that McGee has two other siblings in New York and New Jersey, with whom he is on good terms and who could presumably also serve as caregivers to their mother. *See* PSR ¶ 91. And by McGee's own admission, his spouse had previously taken care of McGee's mother prior to her surgery, and so presumably will be able to do so again once she has recovered. Further, the mental and physical health issues of McGee's mother were known at the time the instant sentence was imposed, even if her cancer diagnosis was not. Accordingly, McGee has not shown this is an "extraordinary and compelling" circumstance.

*Third*, McGee argues that due to his denunciation of his former gang -- the "Bloods" -- he and his family's safety and security "may be in danger" while he is in prison. Defs Motion ¶ 13. The Court may only grant a compassionate release motion in a manner "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). Nothing in the relevant policy statement, U.S.S.G. § 1B1.13, expressly provides that potential danger from other inmates constitutes an "extraordinary and compelling" circumstance. Nor does McGee fall within the catachall for other circumstances "similar in gravity" to those enumerated, since he does not argue he has yet to suffer

3

any injury or any support for the claim that the risk to his safety is great. *Id.* § 1B1.13(5).

Finally, even if McGee had demonstrated "extraordinary and compelling" circumstances, the Court is not convinced that the factors in 18 U.S.C. § 3553(a) would justify the requested sentence reduction, given that the Court imposed its original sentence so recently.

Accordingly, for the above reasons, McGee's motion for compassionate release is hereby denied.

SO ORDERED.

Dated:    New York, NY
          July 15, 2024

JED S. RAKOFF, U.S.D.J.

4